IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Julius Grant,<br><br>   Petitioner,<br><br>v.<br><br>Director, Al Cannon Detention Center,<br><br>   Respondent. | C/A No.: 2:21-cv-3399-SAL<br><br><br>**ORDER** |

  This matter is before the court for review of the October 11, 2022, Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 8.] In the Report and Recommendation ("the Report"), the Magistrate Judge recommends summarily dismissing the petition. Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report. *Id.* at 7.

  Petitioner was incarcerated as a pre-trial detainee at the Al Cannon Detention Center when he submitted his petition in October 2021. He was advised by the Magistrate Judge in November 2021 that he needed to bring the case into proper form, and at that time he was advised that he needed to advise the Clerk of Court in writing if his address changed for any reason. [ECF No. 3.] Soon thereafter, Petitioner filed the documents required to bring the case into proper form. [*See* ECF No. 6.] The Magistrate Judge issued the Report recommending summary dismissal in October 2022; however, Petitioner did not receive the Report, as it was returned to the court as undeliverable. [*See* ECF Nos. 8, 15.] Petitioner has not provided the court with a new address at

1

which he receives mail, and the record indicates no attempt by Petitioner to contact the court since he brought his case into proper form.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).

As set forth above, the court has attempted to advise Petitioner that his case is subject to summary dismissal, but he has not provided the court with his current address. Plaintiff has failed to prosecute this case, and the case is subject to dismissal. Accordingly, this action is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and, as a result, the Report is rendered **MOOT**.

**IT IS SO ORDERED.**

April 18, 2023
Columbia, South Carolina

/s/Sherri A. Lydon_____
Sherri A. Lydon
United States District Judge